**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000430
23-AUG-2024
08:19 AM
Dkt. 126 SO**

NO. CAAP-23-0000430

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
CHARLES KOUTSOUBINAS, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-19-0000575)

<u>SUMMARY DISPOSITION ORDER</u>
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

Defendant-Appellant Charles **Koutsoubinas** appeals from the Circuit Court of the Second Circuit's June 9, 2023 Judgment[1] convicting him of Assault in the First Degree, in violation of Hawai'i Revised Statutes (**HRS**) § 707-710 (2014). Koutsoubinas also appeals from the circuit court's July 18, 2023 "Order Denying Defendant's Motion for Mistrial" (**Order Denying Motion for Mistrial**).[2]

---

[1] The Honorable Christopher M. Dunn presided.

[2] The Honorable Michelle L. Drewyer presided.

On appeal, Koutsoubinas raises nine points of error,[3] however, his challenge to the jury instruction is dispositive. The challenged instruction provided an additional means for the State to disprove justification not provided in the statute. Thus, the jury instruction was wrong, and there was a reasonable possibility this error may have contributed to Koutsoubinas' conviction.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below, and vacate and remand for further proceedings.

Relying on In re DM, 152 Hawaiʻi 469, 526 P.3d 446 (2023), Koutsoubinas contends the instruction on deadly force wrongly included the word "immediately."[4]  In a conclusory fashion, Koutsoubinas claims he was prejudiced.

---

[3]  Koutsoubinas raises the following nine points of error:  (1) the judgment wrongly reflects Assault in the First Degree; (2) the State secretly destroyed exculpatory evidence; (3) the State secretly placed a prosecutor's spouse on the jury; (4) the instruction on self-defense was misleading and prejudicial; (5) his right to confrontation was violated; (6) a defense witness was improperly attacked for asserting her right to remain silent; (7) the circuit court clearly erred in denying his proposed findings of fact; (8) the circuit court erred in denying his proposed conclusions of law; and (9) the State committed prosecutorial misconduct during closing arguments.

Koutsoubinas correctly asserts that the judgment wrongly reflects Assault in the First Degree when he was found guilty of Assault in the Second Degree.  This is a clerical error that should be rectified.  But, based on our decision today, we need not address the remaining points of error.

[4]  Koutsoubinas raises no point of error as to the instruction on defense of others.

The trial court is ultimately responsible for properly instructing the jury. State v. Nichols, 111 Hawaiʻi 327, 335, 141 P.3d 974, 982 (2006). "When jury instructions or the omission thereof are at issue on appeal, the standard of review is whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading." State v. Metcalfe, 129 Hawaiʻi 206, 222, 297 P.3d 1062, 1078 (2013) (citation omitted). "Erroneous instructions are presumptively harmful and are a ground for reversal unless it affirmatively appears from the record as a whole that the error was not prejudicial." Id. (citation omitted).

"[T]he real question becomes whether there is a reasonable possibility that error might have contributed to [the] conviction." Nichols, 111 Hawaiʻi at 334, 141 P.3d at 981 (citation omitted). "[O]nce instructional error is demonstrated, we will vacate, without regard to whether timely objection was made, if there is a reasonable possibility that the error contributed to the defendant's conviction." Id. at 337, 141 P.3d at 984.

For self-defense, "[t]he use of deadly force is justifiable . . . if the actor believes that deadly force is necessary to protect himself against death, serious bodily injury, kidnapping, rape, or forcible sodomy." HRS § 703-304(2)

(2014).  Recently, the Hawaiʻi Supreme Court noted that the Hawaiʻi Standard Jury Instructions (**HAWJIC**) 7.01A misstates HRS § 703-304(2) by inserting "immediately" before "necessary."  <u>DM</u>, 152 Hawaiʻi at 477 n.13, 526 P.3d at 454 n.13.

In this case, the jury instruction for self-defense tracked HAWJIC and included "immediately" before "necessary":

> The use of deadly force upon or toward another person is justified if the defendant reasonably believes that deadly force is <u>immediately necessary</u> to protect himself on the present occasion against death, serious bodily injury, kidnapping, rape, and/or forcible sodomy.  The reasonableness of the defendant's belief that the use of protective deadly force was <u>immediately necessary</u> shall be determined from the viewpoint of a reasonable person in the defendant's position under the circumstances of which the defendant was aware or as the defendant reasonably believed them to be when the deadly force was used.

(Emphases added.)

Because the jury instruction in this case required that the use of deadly force be "immediately necessary" as opposed to "necessary," the instruction did not accurately reflect the law.  Thus, the instruction was wrong and presumptively harmful.

We must now determine whether there was a reasonable possibility this error may have contributed to Koutsoubinas' conviction.

For Assault in the Second Degree, the State had to prove beyond a reasonable doubt that Koutsoubinas intentionally,

knowingly, or recklessly caused substantial bodily injury, or that he recklessly caused bodily injury, to the complaining witness (**CW**).  HRS § 707-711(1)(a) and (1)(b) (Supp. 2018).  And the State would also have to disprove justification.  HRS § 702-205 cmt. (2014); HRS § 703-304(2).

Based on the evidence in the record, Koutsoubinas' conviction of Assault in the Second Degree appears to depend on whether his use of deadly force was justified.  Koutsoubinas testified he saw CW grab his girlfriend between the legs, slam her to the ground, and run straight towards him.

During closing arguments, the State reiterated to the jury that the instruction required "reasonableness of the defendant's belief that the use of deadly force was immediately necessary shall be determined from the viewpoint of a reasonable person . . . ."  The State then argued "a reasonable person in Mr. Koutsoubinas' position would not reasonably believe that deadly force was necessary" and the force used in this case "was deadly and it was also excessive and not justifiable under the circumstances as they existed . . . . "

Because the circuit court instructed the jury that the reasonableness of Koutsoubinas' "belief that the use of deadly force was immediately necessary shall be determined from the

viewpoint of a reasonable person," the State could disprove Koutsoubinas' justification defense by showing a lack of immediacy. See State v. Best, 150 Hawaiʻi 401, 502 P.3d 1024, No. CAAP-17-0000833, 2022 WL 202570 at *4 (App. Jan. 24, 2022) (SDO).

However, as the Hawaiʻi Supreme Court noted, the plain language of HRS § 703-304(2) does not require immediacy when using deadly force. See DM, 152 Hawaiʻi at 477 n.13, 526 P.3d at 454 n.13. In other words, the jury instruction provided the State an additional way to disprove justification not afforded in HRS § 703-304(2).

The jury convicted Koutsoubinas of Assault in the Second Degree despite his testimony indicating he saw CW throw Koutsoubinas' girlfriend to the ground and then run towards him. One reasonable inference is that the jury did not find Koutsoubinas' testimony credible as to the reason he believed the use of deadly force was immediately necessary. We cannot say that absent the erroneous instruction, the jury would have still found Koutsoubinas was not justified in using deadly force. Thus, there was a reasonable possibility the erroneous instruction may have contributed to Koutsoubinas' conviction.

Based on the foregoing, we vacate the circuit court's June 9, 2023 Judgment and July 18, 2023 Order Denying Motion for

Mistrial, and remand this case to the circuit court for further proceedings consistent with the summary disposition order.

DATED:  Honolulu, Hawaiʻi, August 23, 2024.

On the briefs:

Gerald T. Johnson,
for Defendant-Appellant.

Lucas C. Burns,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge